**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CRYSTAL ROSS, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) Case No.:1:21-cv-02492-TWP-TAB ) |
| CLASSIC DINING POST ROAD, INC. | ) ) |
| Defendant. | ) ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE**

NOW COMES, Plaintiff, Crystal Ross ("Ross" or "Plaintiff") and Defendant, Classic Dining Post Road, Inc. ("Post Road" or "Defendant") (collectively referred to as the "Parties'), jointly move this Court for approval of the Parties' settlement of this lawsuit in accordance with the Settlement Agreement and Release (a copy of which is attached to this motion as Exhibit 1). In support thereof, the Parties state and jointly stipulate as follows:

1. On July 30, 2019, Constance Amos filed a collective action Complaint in the United States District Court for the Southern District of Indiana, Case No. 19-cv-03193-JRS-DLP, asserting, *inter alia*, claims pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* against numerous defendants—one of which was Classic Dining Post Road, Inc.

2. Ross filed a consent form opting into Case No. 19-cv-03193-JRS-DLP on or about October 10, 2019. (ECF No. 68.)

3. In accordance with the Court's Order dated September 22, 2021, in case number 19-cv-03193-JRS-DLP, Classic Dining Post Road, Inc. was dismissed with prejudice from that action. (*See* Court's Order Dated September 22, 2021, ECF No. 178, in case no. 19-cv-03193-JRS-DLP.)

4. Pursuant to Court's Order, on September 23, 2021, in case no. 19-cv-03193-JRS-DLP, the clerk of the court opened a new action, *Ross v. Classic Dining Post Road, Inc.,* Case No. 1:21-cv-02492-TWP-TAB. (*See* ECF Nos. 2-6.)

5. Plaintiff's operative complaint in the new/current action (case no. 19-cv-03193-JRS-DLP) is titled as Plaintiff's Second Amended Complaint (ECF No. 3), which alleges three Counts: Count One (Required Labor Unrelated to Primary Duties of the Tipped Occupation of Server), Count Two (Excessive Amounts of Required Labor Related to Primary Duties of Server), and Count Three (Tip Retention).

6. There is no pending motion for collective certification. Plaintiff does not allege any Federal Rule of Civil Procedure Rule 23 class claims. Plaintiff proceeds individually.

7. Post Road denies and continues to deny Plaintiff's allegations. Post Road asserts that it properly compensated Plaintiff in accordance with the tip credit provisions of the FLSA, of which Plaintiff was put on notice in writing.

8. Plaintiff's Counsel (Bendau & Bendau PLLC and The Law Offices of Simon & Simon) among other things, analyzed and evaluated the merits of the claims made against Post Road; conducted interviews with individuals including Ross; propounded initial written discovery; engaged in extensive motion practice; obtained and reviewed documents relating to Plaintiff's payroll history; and analyzed payroll data and timekeeping records, and following the court's order dated September 22, 2021, ECF No. 1, and in an effort to avoid further costs and the uncertainty

of continued litigation, the parties agreed to enter into settlement discussions.

9. Subsequently, the Parties engaged in good-faith, arm's length settlement negotiations. During settlement negotiations, the Parties were all represented by competent and experienced counsel.

10. The Parties' settlement discussions resulted in a resolution embodied in the Settlement Agreement that is attached as **Exhibit 1** to this Motion.

11. As consideration for entering into the Settlement Agreement, Post Road agrees to pay Plaintiff a total of $7,205.75 (seven thousand two hundred and five dollars and seventy-five cents). Of this settlement payment, $1,054.00 is payment to Plaintiff for her alleged unpaid wages ($527.00) and liquidated damages ($527.00); The remaining amount of $6151.75 is payable to Plaintiff's Counsel for full and final settlement of all attorneys' fees and costs in this matter. *See* Exhibit 1, Section 3.

12. As consideration for entering into the Settlement Agreement, Plaintiff agrees to seek dismissal of this action in full, with prejudice, without fees or costs to either party—except as specifically negotiated with regard to attorneys' fees and costs up to a maximum of $6,151.75—and, agrees to a general release of all claims she has, had, or may have against Post Road (including any wage and hour claims pursuant to the FLSA and/or any applicable state law) relating back to the full extent of the applicable statute of limitations and continuing through the entry of Final Judgment in this matter. *See* Exhibit 1, Sections 3 and 5.

13. The Parties and their respective counsel believe and agree that their Settlement Agreement (Exhibit 1) represents a fair, reasonable, and adequate resolution of a *bona fide* dispute between the Parties regarding provisions of the FLSA, including the use and application of the tip credit.

14. The Parties seek this Court's approval of their Settlement Agreement for purposes of finding the Settlement Agreement binding on the parties and, specifically, enforcing Plaintiff's release of claims, including under the Fair Labor Standards Act. *See* Exhibit 1, Section 5. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). *Chen v. Genesco, Inc.*, No. No. 1:18-cv-00690-SEB-TAB, 2020 WL 360517, at *3 (S.D. Ind. Jan. 22, 2020) ("FLSA . . . settlement agreements require judicial approval. Normally, a settlement is approved where it is the result of contentious arm's length negotiations, which were undertaken in good faith by counsel [] and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.") (internal quotations omitted).

**WHEREFORE**, the Parties respectfully request that this Court enter an Order granting their Motion for Approval and approving the Parties' Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute, finding it binding on all parties, and dismissing Plaintiff's Second Amended Complaint with prejudice.

Dated: March 14, 2022                           Respectfully submitted,

By: */s/Clifford P. Bendau*                    By:     */s/ Stephanie M. Dinkel, Esq.*

James L. Simon                                  Renee L. Koehler, Esq.
5000 Rockside Road, Suite 520                   Stephanie M. Dinkel, Esq.
Independence, Ohio 44131                        Koehler Dinkel LLC
Telephone: (216) 525-8890                       900 S. Frontage Rd., Suite 300
Fax: (216) 642-5814                             Woodridge, Illinois 60517
Email: james@bswages.com                        Telephone: (630) 505-9939

Clifford P. Bendau, II                          Email: rkoehler@kdllclaw.com
P.O. Box 97066                                          sdinkel@kdllclaw.com
Phoenix, AZ 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliff@bswages.com
**ATTORNEYS FOR PLAINTIFFS**                    **ATTORNEYS FOR DEFENDANT**